IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| -vs- | ) |
| | ) Criminal No. 06-118 |
| GREGORY JOHNSON, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## FINDINGS OF FACT
## CONCLUSIONS OF LAW
AND
## ORDER OF COURT

### *FINDINGS OF FACT*

1. On January 2, 2006, at 9:15 PM, Aliquippa Police Officer Sealock, on patrol, in uniform and in a marked car, received several "shots fired" calls at a housing project which was a high crime area.

2. After Sealock arrived at the project, he turned off his lights and siren and parked the police car.

3. Sealock observed two (2) vehicles traveling about one (1) foot apart. Sealock recognized both drivers as well as a passenger in one of the cars, and knew them all to be involved in drug trafficking. The first car was driven by Defendant and contained a passenger both of whom Sealock also knew to carry guns. The second car was driven by Anthony Dorsett.

4. After the two (2) cars observed the police car, the car driven by Dorsett drove up onto the sidewalk to pass the police car and then pulled into a parking space. The car driven by Defendant abruptly pulled into a parking space directly in front of the police car. Backup for Sealock had arrived with lights and sirens.

5. Dorsett exited his vehicle and began to walk away until ordered to stop by the police officer.

6. Sealock pulled behind Defendant's car. He observed empty shell cases on the ground around the driver's side and rear of the car.

7. Sealock ordered Defendant to exit his car and as Defendant exited Sealock saw a gun tucked into the front of Defendant's pants.

8. Sealock removed the gun from Defendant's pants and arrested him.

## *CONCLUSIONS OF LAW*

1. Sealock and the other Aliquippa police officers were lawfully responding to a report of "shots fired" in a high crime area.

2. The erratic driving and behavior of Defendant and Dorsett, the officers' knowledge that all three (3) individuals observed were involved in drug trafficking, and their knowledge that at least two (2) of these individuals were known to carry guns, gave the police officers reasonable suspicion to believe that illegal criminal activity was afoot.

3. The officers' reasonable suspicion plus their duty to investigate the "shots fired" report justified the order to Defendant to exit his car.

4. Upon Defendant's exit from his car, the gun was plainly visible tucked into

the front of Defendant's pants.

5.   The officers did not violate the 4th Amendment in their seizure of Defendant's gun which was in plain view.

AND NOW, this **10th** day of April, 2007, it is Ordered that Defendant's Motion to Suppress (Docket No. 38) is denied.  Trial is scheduled for May 14, 2007.  Proposed voir dire and jury instructions are due on May 5, 2007.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge